# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALFONSO LARCO GOMEZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-05977-KES-SAB-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the motion to dismiss, Respondents assert that "[b]ecause of his drug abuse and admission to addiction, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B)." (ECF No. 9 at 1.) Section 1226(c) provides in pertinent part that the "Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B). Section 1226(c) "specif[ies] that the Attorney General 'may release' one of those aliens '*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (emphasis in original).

///

"The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision" and "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." S.G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026) (internal quotation marks and citation omitted). It appears similar reasoning would apply to mandatory detention under 8 U.S.C. § 1226(c)(1)(B).

Here, the notice to appear ("NTA") submitted by Respondents charged Petitioner as removable pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act "in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted[.]" (ECF No. 9 at 14.) The NTA does not state that Petitioner is charged with deportability by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D).

Additionally, the Board of Immigration Appeals has stated that "where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." Matter of Kotliar, 24 I&N Dec. 124, 127 (BIA 2007). There is nothing in the record before this Court that Respondents notified Petitioner of the basis for his mandatory detention under § 1226(c)(1)(B).

The Court finds that supplemental briefing on the issues set forth above would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. Within **FOURTEEN (14) days** of the date of service of this order, Respondents SHALL FILE a supplemental brief addressing the issues set forth above and any supporting documentation.

///

2. Within **FOURTEEN (14) days** of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **November 17, 2026**

STANLEY A. BOONE
United States Magistrate Judge